## Lucy McCoy *v.* The State.

THEFT — EVIDENCE. — Indictment found in September, 1875, charged the theft of a sweep-plow in May, 1875. The evidence proved the theft of the same kind of a plow in the spring of 1877. *Held,* that the evidence not only fails to prove the offense charged, but proves an entirely different one.

APPEAL from the County Court of Houston. Tried below before the Hon. S. A. MILLER, County Judge.

The opinion states the case.

*Moore & Spence,* for the appellant.

*W. B. Dunham,* for the State.

WHITE, J. The indictment charges the appellant with the theft of a sweep on *May 10, 1875.* This indictment was presented and filed in court on *September 8, 1875.*

In the statement of facts we find that the owner of the property alleged to have been stolen testifies as follows: " I had a certain sweep-plow *in the fall of 1876.* I placed

that sweep in a crack in the house, where I kept my other plows during the winter until spring. I saw that sweep there frequently after I placed it there. I needed the sweep in the month of April or first of May, 1877, and it was gone. *I had seen it there, at the farthest, within three weeks of the time I missed it.*" This is the only evidence with regard to the time when the sweep was taken. If this evidence is true, then it does not support the indictment, but proves an entirely different offense from the one charged, viz., one committed nearly two years after the one alleged in the indictment.

The verdict and judgment are without evidence to support them, and a new trial should have been granted. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*